IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EDWARD MUHAMMAD,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DEUTSCHE BANK NATIONAL TRUST  )<br>COMPANY, AS TRUSTEE FOR FFMLT  )<br>2007-FFB-SS, MORTGAGE PASS-  )<br>THROUGH CERTIFICATES, SERIES  )<br>2007-FFB-SS, MACKIE WOLF ZIENTZ &  )<br>MANN, P.C. AS SUBSTITUTE  )<br>TRUSTEE, and SPECIALIZED LOAN  )<br>SERVICING, LLC,  )<br>  )<br>   Defendants.  ) | No. 2:20-cv-02139-TLP-cgc |

## ORDER GRANTING MOTION OF MACKIE WOLF ZIENTZ & MANN, P.C. TO DISMISS

Plaintiff sued Defendants Deutsche Bank National Trust Company, as Trustee for FFMLT 2007-FFB-SS, Mortgage Pass-Through Certificates, Series 2007-FFB-SS ("Deutsche Bank"), Specialized Loan Servicing, LLC ("SLS"), and Mackie Wolf Zientz & Mann, P.C. as Substitute Trustee ("Mackie Wolf") in state court. He alleged that Defendants illegally foreclosed on his property in Arlington, Tennessee. (*See* ECF No. 1-1.) Defendants then removed this case to federal court. (ECF No. 1.)

Mackie Wolf now moves to dismiss. (ECF No. 17.) Plaintiff has responded.[1] (ECF No. 29.) And Mackie Wolf has replied. (ECF No. 30.)

---

[1] Plaintiff responded to Mackie Wolf's's motion to dismiss beyond the 28-day deadline established by L.R. 12.1(b). So the Court entered an order to show cause "set[ting] forth the

For the reasons below, the Court **GRANTS** Mackie Wolf's motion to dismiss.

## BACKGROUND

Plaintiff allegedly "received a mortgage loan in the amount of $ 190,738.00 on July 29, 2004, from First Franklin Financial Corp. [("First Franklin")], subsidiary of National City Bank of Indiana." (ECF No. 1-1 at PageID 13.) That same day, Plaintiff allegedly received a second mortgage from First Franklin mortgage in the amount of $47,684.60. (*Id.*) Plaintiff then signed a promissory note and a deed of trust for the mortgages. (*Id.*) The second of these loans "is the subject of this case." (*Id.* at PageID 14.)

Around ten years later, First Franklin "purported to assign the second mortgage and Note to" Deutsche Bank. (*Id.*) And SLS, who first "acted as the servicer of the [second] mortgage loan issued" to Plaintiff, appointed Mackie Wolf as substitute trustee in late 2019. (*Id.* at PageID 13–14.)

In early 2020, Mackie Wolf held a sale of Plaintiff's property and sold it to Deutsche Bank. (*Id.* at PageID 14.) But Plaintiff argues that Defendants neither gave him notice of his default nor warned him of the impending foreclosure sale. (*Id.*)

As a result of these events, Plaintiff sued in state court seeking multiple forms of relief against Defendants. First, Plaintiff sought a declaratory judgment to the effect that First Franklin's mortgage loan assignment to Deutsche Bank is invalid, and that Deutsche Bank does not hold the promissory note associated with Plaintiff's second mortgage loan. (*Id.* at PageID 15.) Second, Plaintiff claimed that Defendants wrongfully foreclosed on Plaintiff's property.

---

reasons for Plaintiff's failure to respond timely and addressing why the Court should not grant Mackie Wolf's motion to dismiss." (ECF No. 25.) Plaintiff responded to the order to show cause. (ECF No. 28.) The Court finds Plaintiff's explanations well-taken and will consider his response in deciding Deutsche Bank and SLS's motion to dismiss.

(*Id.* at PageID 17.)  Third, Plaintiff demanded "production of the original note as there is a genuine question as to the authenticity of the original." (*Id.*)  And fourth, Plaintiff sought to enjoin Defendants permanently from foreclosing on his property and benefitting from its proceeds. (*Id.* at PageID 18–21.)

Defendants removed this case to federal court. (*See* ECF No. 1.)  Mackie Wolf now moves to dismiss. (ECF No. 17.)  Plaintiff has responded. (ECF No. 29.)  And Mackie Wolf has replied. (ECF No. 30.)

For the reasons below, the Court **GRANTS** Mackie Wolf's motion to dismiss.

## LEGAL STANDARD

The Court begins its analysis by addressing the rules governing motions to dismiss.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether Plaintiff's allegations state a claim for relief.  Under Rule 12(b)(6), the Court has to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

That said, a court may reject legal conclusions or unwarranted factual inferences. *Hananiya v. City of Memphis*, 252 F. Supp. 2d 607, 610 (W.D. Tenn. 2003) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)).  The Sixth Circuit has noted "[a] complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Id.* (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

The Court should also consider the allegations in Plaintiff's complaint under Federal Rule of Civil Procedure 8.  Under Rule 8, a complaint must contain "a short and plain statement of

3

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012).

To survive a motion to dismiss, Plaintiff must allege facts that are enough "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, at 678.

## **ANALYSIS**

Mackie Wolf argues that, because Plaintiff has failed to respond to Mackie Wolf's verified answer (*see* ECF No. 10), Mackie Wolf is entitled to dismissal under T.C.A. § 35-5-116. (*See* ECF No. 17 at PageID 158.)

Plaintiff makes three arguments in response. First, he argues that "the law in the state of Tennessee is clear that a trustee can be personally liable for the failure to comply with the statutory requirements of a foreclosure sale." (ECF No. 29 at PageID 212.) Second, he argues that the Court should grant him "an additional 30 days to file a verified response to the denial pursuant to the statute" because "there is good cause for this request." (*Id.* at PageID 213.) And third, Plaintiff argues that "any dismissal without prejudice should not hinder the ability to seek injunctive relief." (*Id.*) (citing *Mull v. Available Mortg. Funding, LLC*, No. 2:11-cv-2338-STA-dkv, 2012 WL 1022966, at *2, n.23 (W.D. Tenn. Mar. 26, 2012)).

4

For the reason below, the Court finds Mackie Wolf's position well-taken. The Court thus **GRANTS** Mackie Wolf's motion to dismiss.

## I.      Plaintiff Failed to File a Verified Response

In wrongful foreclosure actions like the one here, Tennessee law has set up a process by which a defendant can establish that it is not a necessary party and, by extension, subject to dismissal. *See generally* T.C.A. § 35-5-116. The first step of this process permits the trustee to assert by verified denial that it is not a necessary party.

> (a) Any trustee named in a suit or proceeding . . . may plead in the answer that the trustee is not a necessary party by a verified denial, stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.

T.C.A. § 35-5-116(a).

Mackie Wolf, a trustee here, followed this provision to the letter.[2] It filed a verified denial to Plaintiff's complaint in mid-March, less than one month after the case's removal, stating that "Defendant is not a necessary party . . . by reason of its reasonable belief that it was named as a party solely in its capacity as a substitute trustee under a Deed of Trust." (ECF No. 10 at PageID 116–17.)

The Tennessee statute then provides this guidance:

> (b) Within thirty (30) days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.
>
> (c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.

---

[2] Plaintiff's complaint states that Mackie Wolf "was appointed *Substitute Trustee* by Defendant SLS" before holding "a sale and sold [Plaintiff's] property to Defendant Deutsche Bank." (ECF No. 1 at PageID 14) (emphasis added.) Plaintiff also states in his response to Mackie Wolf's motion to dismiss that "it is conceded that Mackie Wolf has been sued in its capacity as the substitute trustee." (ECF No. 29 at PageID 212.)

T.C.A. § 35-5-116(b)–(c).

Plaintiff has not objected to Mackie Wolf's verified denial. Instead, in his response to this motion, rather than addressing the verified denial, he seeks 30 more days to do so. And the statute's command is unequivocal: Mackie Wolf "*shall* be dismissed from the suit or proceeding without prejudice." T.C.A. § 35-5-116(c) (emphasis added). This Court has found no cases from Tennessee allowing an extension of time to respond to a verified answer under this statute.

Plaintiff managed to respond to a show cause order and respond to this motion by the end of May, 2020. And yet, Plaintiff has not responded to the verified answer. So his request to have "an additional 30 days to file a verified response to the denial pursuant to the statute" is not well-taken. (ECF No. 29 at PageID 213.) It remains a mystery why, if he really has a response, Plaintiff would leave the verified answer unaddressed at this point.

## II.     Plaintiff Cannot Enjoin a Foreclosure Sale that Has Occurred

The Court also finds that, even if T.C.A. § 35-5-116(e) does not prohibit Plaintiff from seeking an injunction under T.C.A. § 29-23-202 against Mackie Wolf, this claim fails as a matter of law. (*See* ECF No. 1-1 at PageID 18–21.)

To enjoin a nonjudicial foreclosure sale under T.C.A. § 29-23-202, a homeowner must "distinctly state how, when, and to whom the debt or any part of the debt . . . has been paid, or any circumstances of fraud which vitiate the contract." "In other words, there are only two grounds for a court to enjoin such a sale: repayment of debt owed, or fraud that would vitiate a mortgage contract." *Dauenhauer v. Bank of New York Mellon*, No. 3:12-cv-01026, 2013 WL 209250, at *3 (M.D. Tenn. Jan. 16, 2013).

Courts have made clear, however, that T.C.A. § 29-23-202 does not apply when a nonjudicial foreclosure sale has already occurred.  *See id.* (explaining that T.C.A. § 29-23-202 governs "prospective relief to enjoin a future sale" and case law governs "injunctive relief to set aside a past sale"); *Lawson v. Specialized Loan Servicing*, LLC, No. 3:17-cv-00044, 2018 WL 736312, at *4 (E.D. Tenn. Feb. 6, 2018), *aff'd*, No. 18-5250, 2018 WL 7575708 (6th Cir. Sept. 14, 2018) (explaining that one can use T.C.A. § 29-23-202 to enjoin future sale of a property); *see also* John A. Walker, Jr., *Simple Real Estate Foreclosures Made Complex: The Byzantine Tennessee Process*, 62 TENN. L. REV. 231, 264–65 (1995) (describing T.C.A. § 29-23-202 as a form of pre-sale injunctive relief).

Plaintiff has stated in his complaint that the sale of his property has already occurred. (*See* ECF No. 1-1 at PageID 14.)  And he attached a deed of sale to this effect.  (*Id.* at PageID 56–59.)

The Court thus finds that Plaintiff has failed to state a claim under T.C.A. § 29-23-202 because a nonjudicial foreclosure sale of his property has already occurred.  The Court therefore **GRANTS** Mackie Wolf's motion to dismiss as to Plaintiff's claim for injunctive relief.

## CONCLUSION

For the reasons above, the Court **GRANTS** Mackie Wolf's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim against Mackie Wolf.

**SO ORDERED**, this 15th day of July, 2020.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE