# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| EDWARD MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | No. 2:20-cv-02139-TLP-cgc |
| COMPANY, as Trustee for FFMLT 2007- | ) | |
| FFB-SS, Mortgage Pass-Through | ) | |
| Certificates, Series 2007-FFB-SS, MACKIE | ) | |
| WOLF ZIENTZ & MANN, P.C. as | ) | |
| Substitute Trustee, and SPECIALIZED | ) | |
| LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Edward Muhammad sued Defendants Deutsche Bank National Trust Company, as Trustee for FFMLT 2007-FFB-SS, Mortgage Pass-Through Certificates, Series 2007-FFB-SS ("Deutsche Bank"), Specialized Loan Servicing, LLC ("SLS"), and Mackie Wolf Zientz & Mann, P.C. as Substitute Trustee ("Mackie Wolf") in state court. (ECF No. 1.) He alleged, among other things, that Defendants illegally foreclosed on his property in Arlington, Tennessee. (*See* ECF No. 1-1.) Defendants then removed this case to federal court. (ECF No. 1.) Eventually, Defendants moved to dismiss the complaint. (ECF No. 9.) The Court granted Defendants' motion, in part, and dismissed all causes of action but the wrongful foreclosure claim. (ECF No. 38.) At that time, the remaining question was whether Defendants complied with the default notice mailing standards established in the Deed of Trust. (*Id*. at 243–45.)

After discovery, however, both parties moved for summary judgment on the wrongful foreclosure claim.  (ECF Nos. 63 & 65.)

For the reasons below, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendants' motion for summary judgment.

## BACKGROUND

I.   **Undisputed Facts**

The parties exchanged statements of undisputed facts and responses.  (ECF Nos. 68 & 71-7.)  The Court recaps these facts below unless stated otherwise.

Plaintiff "received a mortgage loan in the amount of $ 190,738.00 on July 29, 2004, from First Franklin Financial Corp." ("First Franklin"), a "subsidiary of National City Bank of Indiana."  (ECF No. 68 at PageID 614.)  "That same day, Plaintiff received a second mortgage from First Franklin in the amount of $47,684.60."  (*Id.* at PageID 642.)  The second mortgage loan is "the subject of this case."  (*Id.*)

Plaintiff executed two documents related to the loan—the Promissory Note and the Deed of Trust.  (ECF No. 68 at PageID 643; ECF No. 71-1 at PageID 708–09.)  Plaintiff signed the Note and the Deed at the same time.  (*Id.*)  He then recorded the Deed with the Shelby County Register of Deeds.  (ECF No. 68 at PageID 643; ECF No. 71-1 at PageID 709.)

Both the Deed and Note contained language about how the lender should send notices to the borrower.  (ECF No. 71-1 at PageID 709.)  The Note states: "except as otherwise required by law, we are authorized to mail any notice or other correspondence to you by first class mail to your last known address indicated on our records."  (*Id.*)  And the Deed states: "[e]xcept for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by

2

certified mail addressed to Borrower at the Property Address." (*Id.*; ECF No. 68 at PageID 643.) The Deed also allowed sending notice by certified mail to "such other address as Borrower may designate by notice to Lender as provided herein." (ECF No. 71-1 at PageID 709; ECF No. 68 at PageID 643.)

"About ten years later, First Franklin purported to assign the second mortgage and Note to Deutsche Bank." (ECF No. 68 at PageID 642.) (quotations omitted.) Then, SLS, who "acted as the servicer of the [second] mortgage loan issued," appointed Mackie Wolf as the substitute trustee. (*Id.*) Mackie Wolf then conducted a nonjudicial foreclosure sale of Plaintiff's property. (*Id.*; ECF No. 71-7 at PageID 711.) Mackie Wolf sold the property to the highest bidder, Deutsche Bank (ECF No. 68 at PageID 642; ECF No. 71-1 at PageID 711.)

The parties disagree, however, about whether Defendants followed the notice requirements when they foreclosed on Plaintiff's property. (ECF No. 68 at PageID 644; ECF No. 71-7 at PageID 709–10.) For starters, Defendants claim that Plaintiff failed to make payments on his mortgage after June 1, 2011. (ECF No. 71-7 at PageID 709.) And as a result, Defendants sent Plaintiff a notice of default by first-class mail. (*Id.* at PageID 710.) Defendants then sent him a notice of acceleration, and eventually the notice of sale, by certified mail when Plaintiff failed to cure the default. (*Id.*)

Mackie Wolf then conducted the foreclosure sale. (ECF No. 68 at PageID 643; ECF No. 71-7 at PageID 711.) Deutsche Bank bought the property and then paid off the remaining balance on Plaintiff's first mortgage loan. (ECF No. 52 at PageID 392.)

Plaintiff, on the other hand, claims that he did not have to make payments on his mortgage because his bankruptcy discharged that debt. (ECF No. 71-7 at PageID 709.) Plaintiff

also claims Defendants did not send him notice of default or sale as required by the Deed of Trust.  (ECF No. 68 at PageID 643–44.)

## II.    Procedural History

Plaintiff sued in state court seeking relief against Defendants.  First, Plaintiff sought a declaratory judgment that First Franklin's mortgage loan assignment to Deutsche Bank is invalid, and that Deutsche Bank does not hold the promissory note for Plaintiff's second mortgage loan.  (ECF No. 1-1. at PageID 15.)  Second, Plaintiff claimed that Defendants wrongfully foreclosed on Plaintiff's property.  (*Id.* at PageID 17.)  Third, Plaintiff demanded "production of the original note as there is a genuine question as to the authenticity of the original."  (*Id.*)  And fourth, Plaintiff sought to enjoin Defendants permanently from foreclosing on his property and benefitting from its proceeds.  (*Id.* at PageID 18–21.)

Defendants then removed this case to federal court.  (*See* ECF No. 1.)  Defendant Mackie Wolf moved to dismiss, and the Court granted that motion.  (ECF No. 37.)  Defendants Deutsche Bank and SLS also moved to dismiss (ECF No. 9), and the Court granted the motion in part and denied it in part (ECF No. 38).  After the Court addressed the motions to dismiss, the only remaining Defendants are Deutsche Bank and SLS.  (*See id.*)  And Plaintiff's only remaining claim is his wrongful foreclosure claim.

The parties then filed cross motions for summary judgment on that issue.  (ECF Nos. 63 & 65.)  Defendants filed first (ECF No. 63), followed by Plaintiff (ECF No. 65).  They responded to each other's motions and then replied  (ECF Nos. 67, 71, 73 and 76).

In the flurry of filings, and without seeking leave of Court, Plaintiff filed an answer (ECF No. 69) to Defendants' counterclaim (ECF No. 52)—about seven months after Defendants filed it.  Plaintiff also filed a notice of Chapter 7 bankruptcy discharge, attaching Defendant Deutsche

Bank's proof of claim.  (ECF No. 70.)  Defendants then moved to strike Plaintiff's answer.

(ECF No. 75.)  Plaintiff responded (ECF No. 77), and the Court later granted Defendants'

motion to strike (ECF No. 81).  Plaintiff then moved the Court for permission to file his answer

(ECF No. 84) and Defendants responded (ECF No. 85).  This Order focuses on the summary

judgment dispute but also touches on these other filings.

    With all this in mind, the Court will now summarize the parties' positions.

### III.    Plaintiff's Motion for Summary Judgment

    Plaintiff argues for summary judgment on his wrongful foreclosure claim because

Defendants did not fulfill the Deed of Trust's notice requirement.  (ECF No. 65 at PageID 574.)

Under the Deed, Plaintiff argues that Defendants had to use certified mail for the default notice

and they did not.  (ECF No. 65-1 at PageID 577–78; ECF No. 65-4 at PageID 599.)  Plaintiff

next argues that Defendants cannot prove that they sent him notice.  (ECF No. 65-1 at PageID

580.)  Lastly, for the first time in his response to Defendants' motion, and later replying in

support of his own, Plaintiff argues that Indiana law applies and that Defendants did not comply

with Indiana's judicial foreclosure requirements.  (ECF No. 71-1 at PageID 677–79; ECF No. 73

at PageID 718, 721–22.)

### IV.    Defendants' Motion for Summary Judgment

    Defendants counter that they are entitled to summary judgment on the wrongful

foreclosure claim because they obeyed the Promissory Note's notice mailing requirements.

(ECF No. 63 at PageID 503–05.)  They also contend that the Note's notice requirements, not the

Deed's notice provisions, control here.  (*Id*.)  Lastly, Defendants assert that they should be

granted summary judgment under the doctrine of unclean hands.  (*Id*. at PageID 507–08.)

And for the reasons below, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendants' motion.

## LEGAL STANDARD

The Court begins its analysis by explaining the rules governing motions for summary judgment.

Federal Rule of Civil Procedure 56 governs summary judgment practice in federal court, even where the claims arise under state law. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 917 (6th Cir. 1982). Under that Rule, a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012). This baseline standard does not change when, as here, "both parties seek to resolve [the] case through the vehicle of cross-motions for summary judgment." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

And "[i]n considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). And "[t]he moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Mosholder*, 679 F.3d at

448–49; *see also* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.  "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper."  *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013) (quoting *Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

"To show that a fact is, or is not, genuinely disputed, both parties are required to either cite to particular parts of materials in the record or show that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *Bruederle*, 687 F.3d at 776 (alterations in original) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(c)(1)).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" *Martinez*, 703 F.3d at 914 (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

In the end, the "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 251–52).  Summary judgment "'shall be entered' against the nonmoving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" *Rachells v. Cingular Wireless Emp. Servs., LLC*, No.

1:08 CV 02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990)).

"[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (quoting *Liberty Lobby*, 477 U.S. at 251). "[T]o withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584 (6th Cir. 1992) (citing *Liberty Lobby*, 477 U.S. at 247–54). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." *Rachells*, 2012 WL 3648835, at *2 (quoting *Thomas v. Christ Hosp. and Med. Ctr.*, 328 F.3d 890, 894 (7th Cir. 2003)). Statements in affidavits that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. *See Mitchell*, 964 F.2d at 584–85.

With these standards in mind, the Court will now address the merits of the parties' summary judgment motions.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I.    Wrongful Foreclosure on the Deed and Note

Plaintiff claims that he is entitled to summary judgment because Defendants wrongfully foreclosed on his property given the mortgage agreement. And in support for this position, Plaintiff makes two arguments. First, Plaintiff alleges that Defendants wrongfully foreclosed because Indiana law governs the Note, not Tennessee law, and that Defendants violated Indiana's foreclosure procedures. (ECF No. 73 at PageID 718–22.) Second, he alleges that the

8

Deed, not the Note, controls the foreclosure process and that Defendants breached the Deed's notice mailing procedures.  (ECF No. 65-1 at PageID 581–86.)  As explained below, the Court finds that both arguments lack merit.

### A.    Choice of Law—Tennessee or Indiana

#### i.    Choice of Law Overview

To address Plaintiff's motion, the Court begins with the dispute over which state's law governs here.  Plaintiff argues, for the first time in his response to Defendants' summary judgment motion—more than a year after suing—and in his reply in support of his own motion, that the Court should construe the Promissory Note under Indiana law.  (ECF No. 71-1 at PageID 677–79; ECF No. 73 at PageID 718, 721–22.)  And to support this claim, Plaintiff points to paragraph thirteen, where the document states "this Note shall be governed by and construed in accordance with (y) Federal laws and regulations . . . and (z) the laws of Indiana to the extent Indiana laws are not preempted by federal laws or regulations, and without regard to conflict of law principles."  (ECF No. 65-3 at PageID 594; ECF No. 73 at PageID 721.)  Plaintiff seeks summary judgment because he says Defendants cannot show that they complied with Indiana's foreclosure requirements.

Defendants, however, insist that Tennessee law applies.  Not only have the parties been assuming that Tennessee law governed, Defendants claim, but the dispute has no material connection to Indiana and applying its laws to this matter would be inappropriate.  (ECF No. 76 at PageID 737–39.)  And Defendants argue that Tennessee law should apply because Plaintiff executed the contract there, the property is located there, and Plaintiff resides there.[1]  (*Id.*)

---

[1] Defendants also contend that the Court should not consider Plaintiff's argument that Indiana law applies because making this new argument in response to Defendants' motion for summary judgment is highly prejudicial.  (ECF No. 76 at PageID 737.)  Because the Court finds that

After evaluating the choice of law principles, and after confirming that there are substantial differences in how Indiana and Tennessee address foreclosure matters, the Court finds that Tennessee law governs here.

### ii.   Choice of Law Analysis

Federal courts sitting in diversity apply the forum state's conflict of law rules to determine which jurisdiction's law applies to a dispute. *Town of Smyrna, Tenn. v. Municipal Gas Authority of Georgia*, 723 F.3d 640, 646 (6th Cir. 2013); *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496–97 (1941).  So here, this Court looks to Tennessee's choice of law rules.

In contract disputes Tennessee abides by lex loci contractus, a rule that presumes a contract is "governed by the law of the jurisdiction in which it was executed absent a contrary intent." *Vantage Technology, LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn. Ct. App 1999); *Ellis v. Pauline S. Sprouse Residuary Trust*, 280 S.W.3d 806, 814–15 (Tenn. 2009); *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973); *Bowman v. Price*, 226 S.W. 210, 214 (Tenn. 1920) ("[w]hen all of the important elements of a loan transaction have their situs in the same state . . . it is evident that such state must give the law to the transaction wherever suit may be brought.")  In other words, if a court cannot identify the parties' contrary intent, it applies the law of the state where the parties drafted the contract—here, Tennessee.  (*See* ECF. No. 65-2 at PageID 589; ECF No. 65-3 at PageID 593; ECF No. 65-4 at PageID 597, 600.)  And if the parties intended to apply the laws of a different jurisdiction, like by including a choice of law provision in the contract, Tennessee courts will carry out that intent so long as it meets "certain requirements." *Vantage Technology, LLC*, 17 S.W.3d at 650.

---

Tennessee law applies given Tennessee's choice of law analysis, the Court does not opine on the prejudicial effect of Plaintiff's argument.

Tennessee courts require that choice of law contractual provisions meet at least four requirements to be valid: (1) "[t]he choice of law provision must be executed in good faith," (2) the chosen jurisdiction "must bear a material connection to the transaction," (3) the basis for the choice "must be reasonable and not merely a sham or subterfuge," and (4) applying the other jurisdiction's law would not be "contrary to a fundamental policy of a state having [a] materially greater interest and whose law would otherwise govern."  (*Id.*) (internal quotations removed) (alteration in original); *see also Goodwin Bros. Leasing, Inc. v. H & B Inc.*, 597 S.W.2d 303, 306 (Tenn. 1980); *Messer Griesheim Industries, Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 474–75 (Tenn. Ct. App. 2003).

Although there is no indication of bad faith here, the Note's choice of law provision does not comply with Tennessee's requirements.  For starters, the contract has no "material connection" to Indiana.  *Vantage Technology, LLC*, 17 S.W.3d at 650.  The only link to Indiana in this record is that First Franklin, the first mortgagee, was a subsidiary of the National City Bank of Indiana.[2]  (ECF No. 65-2 at PageID 588.)

That small Indiana connection evaporated when First Franklin assigned the Deed of Trust to Deutsche Bank, a national banking association organized under the laws of the United States with its principal place of business in California, over seven years ago.  (ECF No. 63-1 at PageID 531.)  Plus, even considering the First Franklin connection, Plaintiff signed the Note and Deed in Tennessee, not Indiana.  (ECF No. 63-1 at PageID 518–530; ECF No. 65-3 at PageID 593, 596; ECF No. 65-4 at PageID 597, 600.)  What is more, Plaintiff did not make payments to an Indiana address.  (ECF No. 63-1 at PageID 518; ECF No. 65-3 at PageID 593.)  Another consideration is

---

[2]First Franklin was not incorporated in Indiana, but in Delaware.  (ECF No. 65-4 at PageID 597.) And while neither party mentioned whether First Franklin's principal place of business was in Indiana, the Court notes that its business address is in San Jose, California.  (*Id.*)

that Plaintiff was never a resident of Indiana.  And most importantly, the property here is in

Tennessee, not Indiana.  (ECF No. 63-1 at PageID 518, 528; ECF No. 65-3 at PageID 593; ECF

No. 65-4 at PageID 597, 601.)

      With all this in mind, the Court finds that the contract here has no material connection to

Indiana.  Since the contractual provision fails to meet this requirement, this alone makes the

contract's choice of law provision inapplicable—meaning Tennessee law, the "jurisdiction in

which [the contract] was executed," applies.[3]  *Vantage Technology, LLC*, 17 S.W.3d at 650;

*Blackwell v. Sky High Sports Nashville Operations, LLC*, 523 S.W.3d 624, 632–33 (Tenn. Ct.

App. 2017) (finding that "[t]he simple fact that Sky High's parent company was founded in

California over a decade ago . . . is simply not sufficient to show a logical connection to the

transaction at issue in this case" and so "the choice of law provision fails for largely the same

---

[3] The Court need not address the other two factors, whether choosing Indiana law was reasonable and whether adopting Indiana law in this situation would contradict the fundamental policy of Tennessee.  That said, the Court will briefly address both considerations.  To start, whether it was reasonable for the parties to have specified Indiana law is a similar question about whether there is a material connection between the choice of law provision and the transaction.  The second restatement, often cited along with Tennessee's lex loci contractus standard, does not address the material connection element, but notes that a choice of law provision is reasonable if there is a "substantial relationship" between the parties of the contract and the choice of law provision.  Restatement (second) of Conflict of Laws § 187 cmt. f (1971).  The restatement then says that a party can show a substantial relationship "when this state is that where performance by one of the parties is to take place or where one of the parties is domiciled or has his principal place of business" and "when this state is the place of contracting."  (*Id.*)  As highlighted in the material connection analysis, the state of Indiana is unrelated to any of the examples in the restatement.  And although these are just examples, they, like the material connection factor, underscore that the contract here has no reasonable connection to Indiana.  Neither party addresses the last factor—whether Indiana law would conflict with the fundamental policy of Tennessee.  Historically, parties have pointed to the differences in statutory language, the existence of particular regulations, or to other areas of codified law to show that implementing one state's law would conflict with the policy of another.  *See Williams v. Smith*, 465 S.W.3d 150, 155–57 (Tenn. Ct. App. 2014).  But because Plaintiff does not suggest that Indiana law accords with Tennessee policy, and Defendants do not advocate the contrary, this Court makes no finding on this factor.

reason that the forum selection clause fails: no material connection exists between the transaction

at issue and California.")

### B.     Conflicts Between the Deed and Note

#### i.     Conflict Background

Having found that Tennessee law applies, Plaintiff next argues that Defendants

wrongfully foreclosed on his house by violating the Deed of Trust's default notice requirements.

(ECF No. 65-1 at PageID 583.)  The Deed requires:

> [U]pon Burrower's breach of any covenant or agreement of Borrower in
> this Deed of Trust . . . , Lender prior to acceleration shall give notice to
> Borrower as provided in paragraph 12 hereof specifying: (1) the breach;
> (2) the action required to cure such breach; (3) a date, not less than 10
> days from the date the notice is mailed to Borrower, by which such breach
> must be cured; and (4) that failure to cure such breach on or before the
> date specified in the notice may result in acceleration of the sums secured
> by this Deed of Trust and sale of the Property.

(ECF No. 65-4 at PageID 599.) Paragraph 12 then specifies:

> [A]ny notice to Borrower provided for in this Deed of Trust shall be given
> by delivering it or by mailing such notice by *certified mail* addressed to
> Borrower at the Property Address or such other address as Borrower may
> designate by notice to Lender as provided herein, and (b) any notice to
> Lender shall be given by certified mail to Lender's address stated herein or
> to such other address as Lender may designate by notice to Borrower as
> provided herein.

(*Id*.) (emphasis added.)  Plaintiff points to the fact that Defendants sent the default notice by

first-class mail, not certified mail; and, as a result, claims that he is entitled to summary

judgment on the wrongful foreclosure claim.  (ECF No. 65-1 at PageID 583.)

In response, Defendants say they followed the Promissory Note's mailing requirements,

which states: "(k) except as otherwise required by law, we are authorized to mail any notice or

other correspondence to you *by first class mail* to your last known address indicated on our

records."  (ECF No. 65-3 at PageID 594.) (emphasis added.)  They claim that the language of the

Note and Deed conflicts; and, when that occurs, Defendants assert the Note controls.  (ECF No. 67 at PageID 632–34.)  As a result, Defendants argue that they only needed to send notice by first class mail.  Since the record shows they sent notice in that fashion, Defendants argue they are entitled to summary judgment on the wrongful foreclosure claim.  (*Id*. at PageID 633.)

The Court agrees with Defendants.  The Court first considers whether the language of the Note and Deed were irreconcilable before looking to how Tennessee courts navigate conflicts between these two documents.

### ii.    Conflicts Analysis

To start, the language of the Note and Deed is contradictory.  The Deed states that "any notice," which naturally includes the default notice, "shall be given by delivering it or by mailing such notice by certified mail."  (ECF No. 65-4 at PageID 599.)  There are no qualifications or caveats.  (*Id*.)  Meanwhile, the Note permits Defendants "to mail any notice or other correspondence to [the mortgagor] by first class mail."  (ECF No. 65-3 at PageID 594.)  "[A]ny notice," in this context, includes the default notice.  (*Id*.)

Plaintiff argues, in both his summary judgment motion and in response to Defendants' motion, that the provisions in the Note and Deed can be read together harmoniously.  (ECF No. 65-1 at PageID 584–86; ECF No. 71-1 at PageID 673–76.)[4]  More specifically, Plaintiff says that

---

[4] Plaintiff also argues, in the alternative, that if the provisions of the Note and Deed are ambiguous that the provisions should be read against the contract drafters—or Defendants here.  (ECF No. 65-1 at PageID 586.)  In response, Defendants claim that the provisions are not ambiguous, they simply conflict.  (ECF No. 67 at PageID 636.)  That is, Defendants claim that the wording of the documents creates a conflict, but that Tennessee law guides the parties on how to navigate the conflicting language.  (*Id*.)  An ambiguity, on the other hand, would lead to multiple possible interpretations.  (*Id*.)  This Court agrees with Defendants.  A contract is ambiguous if "it is of uncertain meaning and may fairly be understood in more ways than one." *Empress Health and Beauty Spa, Inc. v. Turner*, 503 S.W.2d 188, 190–91 (Tenn. 1973).  Because Tennessee law provides a way to resolve conflicting language in the Note and Deed, as

the Note's language acts as a general provision and that the Deed's language should be read as an exception to the Note for foreclosure notices.  (*Id.*)  But outside listing generic case law on how courts should read provisions of a contract together, Plaintiff has not explained how his interpretation of the general and specific provisions of the contract would operate in practice. What is more, there is no indication that the parties intended for the Deed's notice provision to apply only to foreclosure notices.  To the contrary, both paragraph twelve in the Deed and subsection (k) of paragraph thirteen of the Note specifies how to mail "any notice."  With that said, the Court finds that the language of the Note and Deed conflicts.

The Court will now evaluate how Tennessee Courts reconcile discrepancies between these two documents.

Under Tennessee law, the "original note and the deed of trust . . . must be construed together."  *Ferguson v. Peoples Nat'l Bank of LaFollette*, 800 S.W.2d 181, 183 (Tenn. 1990). "Where, however, there is an irreconcilable difference between notes or bonds and mortgages or deeds of trust given to secure them, the former control."  (*Id.*) (quoting 55 Am. Jur. 2d Mortgages § 176, at 303, 304 (1971); *see Norris v. First Federal Savings Bank of LaFollette*, No. 03A01-9301-CV-00051, 1993 WL 166286, *4 (Tenn. Ct. App. May 18, 1993) (same), *Jerles v. Phillips*, No. M2005-1494-COAR3-CV, 2006 WL 2450400, at *8 (Tenn. Ct. App. Aug. 22, 2006) (same); *see also Moore v. Progressive Sav. Bank*, 2000 WL 420675, at *2 n.3 (6th Cir. Apr. 10, 2000) ("although the deed of trust and the note must be construed together to ascertain the intention of the parties, the terms of the note control when an irreconcilable difference exists.")

---

explained below, and because the conflicting passages do not lead to multiple interpretations, there is no ambiguity.

Because Tennessee law applies, this Court finds that the Note controls here.  So Defendants needed only send notices to Plaintiff, (unless otherwise specified by statute) by first-class mail.  As a result, after evaluating the documents (ECF No. 65-3 at PageID 594; ECF No. 65-4 at PageID 599), the Court finds that Defendants complied with the Note's mailing requirements for the default notice.  Plaintiff, therefore, has no right to summary judgment on this claim.

## II.       Wrongful Termination for No Proof of Mailing

Plaintiff next claims that he is entitled to summary judgment on the wrongful foreclosure claim because Defendants have not shown that they mailed the foreclosure notices in compliance with either the Note or the Deed.  (ECF No. 65-1 at PageID 583–84).  Without this proof, Plaintiff contends, Defendants cannot establish that they complied with the contract.

In response, Defendants point out that the record shows that they mailed Plaintiff all necessary notices.  (ECF No. 67 at PageID 635–36.)  The Court agrees with Defendants.

The record shows that Defendants mailed Plaintiff many foreclosure-related documents.  Attached to their motion to dismiss, Defendants included the notice of default (ECF No. 9-2), the notice of acceleration (ECF No. 9-3), and the notice of foreclosure sale (ECF No. 9-4).[5]  Defendants sent both the acceleration and foreclosure sale notices by certified mail and the mailings have associated United States Postal Service tracking numbers.[6]  And in their motion

---

[5] Plaintiff also attached these same documents to his summary judgment motion and Defendants produced them in response to his interrogatories.  (*See* ECF Nos. 65-3, 65-4, 65-5, 65-6.)

[6] The notice of acceleration's tracking number is 9307110011701018597685 (ECF No. 9-3), and a review of the USPS online tracking service shows that the shipping label has been created but not yet entered into the system.  *See* https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=93 07110011701018597685%2C&tABt=false (last visited November 10, 2021).  And the tracking number for the foreclosure sale notice is 9314710011701023248611.  (ECF No. 9-4.)  The USPS online tracking service shows that Defendants shipped the foreclosure sale notice to Plaintiff's

for summary judgment, Defendants attached an affidavit from SLS Assistant Vice President Nicholas J. Raab, who verified that Defendants sent Plaintiff the notices of default, acceleration, and foreclosure sale. (ECF No. 63-1 at PageID 514.)

Plaintiff, on the other hand, does not dispute the authenticity or reliability of these filings. He only argues that the Court should not consider them because Defendants objected to some of his interrogatories and refused to provide him all the documents that he requested. (ECF No. 65-1 at PageID 580, 584.)

The Court finds Plaintiff's argument meritless. Objecting to specific interrogatory requests is not grounds to exclude the documents that Defendants later used to support their position. In their response to Plaintiff's interrogatories, Defendants noted that they would rely on the Promissory Note, the Deed of Trust, and the Notice of Default—documents that they had submitted in their motion to dismiss or in the state court record. (ECF No. 65-6 at PageID 610.) The only document that Defendants rely on not referred to in their interrogatory responses was the affidavit of Nicholas J. Raab (ECF No. 63-1 at PageID 511–16), which did not exist when they answered the interrogatories.

If Plaintiff thought that Defendants' responses and objections to his interrogatories were meritless, he should have moved this Court to compel discovery through Federal Rule of Civil Procedure 37. Plaintiff cannot now expect a favorable inference from Defendants' timely objections after failing to raise the argument earlier. As a result, the Court finds that Defendants

---

address and a postal employee tried to deliver the document. Even so, the postal employee left a note about a missed delivery at the address because no authorized recipient answered. The post office then kept the foreclosure sale notice where it went unclaimed for several weeks. *See* https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=93 14710011701023248611%2C%2C&tABt=false (last visited November 10, 2021).

properly mailed Plaintiff the foreclosure-related notices and that there is no genuine dispute of material fact about that issue.

### III.     Wrongful Foreclosure Under Tennessee Statutes

Lastly, Plaintiff argues he is entitled to summary judgment on the wrongful foreclosure claim because Defendants violated Tennessee's statutory foreclosure process.  (ECF No. 65-1 at PageID 583.)  In sum, Plaintiff contends that Tenn. Code Ann. § 35-5-101(e) requires Defendants to send notice of default by certified mail; and, because they only sent notice by first-class mail, Defendants are liable for damages under Tenn. Code Ann. § 35-5-106.  (*Id.*)

Defendants have two responses.  First, the Court should ignore Plaintiff's statutory argument because he inappropriately raises it for the first time in his summary judgment motion.  (ECF No. 67 at PageID 634.)  And second, the Tennessee statute only applies to foreclosure sale notices and not, as Plaintiff alleges, notices of default.  (ECF No. 76 at PageID 739.)  Once again, the Court agrees with Defendants on both counts.

Not only does the Court agree that permitting Plaintiff to raise new claims at summary judgment without amending his complaint first would be prejudicial to Defendants,[7] but

---

[7] The Sixth Circuit has often held that parties cannot raise new claims at the summary judgment phase.  *Howard v. Tennessee*, 740 Fed. Appx. 837, 842–43 (6th Cir. 2018) ("[w]e have recognized that plaintiffs cannot raise new claims in their summary judgment briefing and should instead request leave to amend their complaint.")  "Parties who seek to raise new claims at the summary-judgment stage must first move to amend their pleadings under Federal Rule of Civil Procedure 15(a) before asserting the claims in summary-judgment briefing."  D*avis v. Echo Valley Condo. Ass'n*, 945 F.3d 483, 496 (6th Cir. 2019).  To allow otherwise would subject "'a [party] to "unfair surprise," because the defendant has no opportunity to investigate the claim during discovery.'"  (*Id.*) (quoting M.*D. ex rel. Deweese v. Bowling Green Indep. Sch. Dist.*, 709 F. App'x 775, 778 (6th Cir. 2017); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2723 (3d ed. Supp. 2005) ("[a] non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion.  At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a).")

Plaintiff's statutory claim does not apply here. As Defendants point out, Tenn. Code Ann. § 35-5-101 does not refer to notices of default and instead focuses on notices for the "sale of land to foreclose a deed of trust, mortgage, or other lien securing the payment of money…." Tenn. Code Ann. § 35-5-101(e). Plaintiff's wrongful foreclosure claim is based on notice of default, not notice of sale. And so, the statute does not work to Plaintiff's advantage. Indeed, it does not apply to Plaintiff's claim at all.

Even more, Defendants complied with Tenn. Code Ann. § 35-5-101(e) during the foreclosure sale because they sent Plaintiff notice of sale by certified mail. (*See* ECF No. 9-4; ECF No. 63-1 at PageID 549–57; ECF No 76 at PageID 739.) As a result, the Court finds that Plaintiff has no right to summary judgment on his statutory wrongful foreclosure claims.

All in all, after finding that Plaintiff has not met his burden under Rule 56—as there is no dispute of material fact and he has no right to summary judgment as a matter of law—the Court **DENIES** his motion for summary judgment.

## <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

At the same time, Defendants argue that they are entitled to summary judgment on Plaintiff's wrongful foreclosure claim because there is no factual dispute that they complied with the default notice procedures of the mortgage agreement.[8] (ECF No. 63 at PageID 503–07.) As

---

[8] Defendants also claim that they are entitled to summary judgment under the doctrine of unclean hands. (ECF No. 63 at PageID 507–08.) Even so, because the Court grants summary judgment on the wrongful foreclosure claim, it makes no finding on this question. Likewise, the Court need not address Plaintiff's response to the unclean hands argument based on his bankruptcy filings. (ECF No. 71-1 at PageID 684–85.) But because Plaintiff filed his bankruptcy discharge notice (ECF No. 70), and Defendants responded to that notice as if Plaintiff made a new argument (ECF No. 75), The Court will discuss the matter. Even if Plaintiff filed the bankruptcy notice as a defense to foreclosure, or as part of his wrongful foreclosure claim, he misrepresents the effect of the discharge. "Although a bankruptcy discharge changes how a creditor may recover a debt, it does not eliminate the debt itself or render a note unenforceable for the purposes of foreclosure." *Wade v. Wells Fargo Home Mortg.*, 2019 WL 8333548, at *8 (W.D.

with the section above, Defendants address the conflicting language of the Deed and Note, point

to Tennessee authority addressing those conflicts, and claim that they properly mailed the default

notice.  And as this Court explained in pages 13–16 of this Order, the Court agrees with

Defendants.

Plaintiff responded with many arguments.  The Court addressed most of these arguments

above in its analysis of Plaintiff's summary judgment motion.  He claims: (1) Defendants cannot

prove how they submitted the notice, (2) the Deed controls and required that Defendants send the

default notice by certified mail, (3) Indiana law applied and Defendants did not follow its

foreclosure procedures, (4) Defendants also violated Tennessee law, and (5) Plaintiff never

received Defendants' default notice.  (ECF No. 71-1 at PageID 671–83.)

As noted above, the Court already addressed many of these arguments (*see supra* pages

8–19) and the Court found them meritless.  For those same reasons, the Court finds that

Plaintiff's responses here lack merit.  The only new argument that Plaintiff raises relates to his

receipt of Defendants' notices.  But this argument similarly lacks merit.

Plaintiff claims that he did not receive any of Defendants' notices; and, as a result,

Defendants' motion should be denied, and he should receive monetary damages for the

foreclosure.  (*Id*. at PageID 681–83.)  But this argument misstates the law.  Although a lender

---

Tenn. Dec. 20, 2019).  That is to say, "a bankruptcy discharge extinguishes only one mode of
enforcing a claim—namely, an action against the debtor in personam—while leaving intact
another—namely, an action against the debtor in rem."  *Johnson v. Home State Bank*, 501 U.S.
78, 84 (1991); *In re Jackson*, 2017 WL 8160941, at *1 (6th Cir. Oct. 18, 2017) (same).  Plaintiff
submits notice of his bankruptcy discharge under 11 U.S.C. § 727 (ECF No. 70-2), but, as
explained above, that discharge only "voids any judgment . . . of [ ] personal liability."  11
U.S.C. § 524(a)(1).  But the "creditor's right to foreclose on the mortgage survives" the
discharge.  *Johnson*, 501 U.S. at 83 (citing 11 U.S.C. § 522(c)(2)).  As a result, Plaintiff's
bankruptcy discharge neither acts as a defense to Defendants' foreclosure nor adds fuel to his
wrongful foreclosure claim.

must send notice, there is no requirement that a borrower receive that notice unless the Deed, Note, or a statute requires otherwise. *Davis v. Wells Fargo Home Mortgage*, No. W2016–02278–COA–R3–CV, 2018 WL 1560077, at *11 (Tenn. Ct. App. Jan. 31, 2018) ("[t]here is no requirement under [this] deed of trust that the grantor receive notice of the foreclosure." And, under Tennessee law, "[t]here is no statutory requirement that the notice be received by the debtor."); *see also Smith v. Hughes*, No. W2020-01228-COA-R3-CV, 2021 WL 1779410, at *7 (Tenn. Ct. App. May 5, 2021).

Neither side made this point, but, not only does Tennessee law reflect that borrowers need not receive notice, the Deed here also specifies that the lender gives notice when it complies with the notice *mailing* requirements.[9] (ECF No. 65-4 and PageID 599.) ("[a]ny notice provided for in this Deed of trust shall be deemed to have been given to Borrower or Lender when given in a manner designated herein.") For that reason, as long as Defendants complied with the mailing requirements—that is, so long as they mailed the notices by first-class mail— then they gave notice to Plaintiff. And the filings show that Defendants mailed the notice accordingly.

So after evaluating the record and parsing through Plaintiff's arguments, the Court finds that Defendants have shown that no genuine factual dispute exists on the wrongful foreclosure claim and that they are legally entitled to summary judgment. The Court, therefore, **GRANTS** Defendants' motion.

---

[9] As stated, where there is a conflict between the Note and Deed, the Note controls. But when the language of the two documents is not in conflict, they must be read and construed together. *Ferguson*, 800 S.W.2d at 183 (Tenn. 1990). The conflict between the Deed and Note extends only to sending notice.

## <u>CONCLUSION</u>

For the reasons explained above, the Court **DENIES** Plaintiff's Motion for Summary

Judgment and **GRANTS** Defendants' Motion for Summary Judgment.

**SO ORDERED**, this 24th day of November, 2021.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE