IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EDWARD MUHAMMAD,            )<br>                                                 )<br>       Plaintiff,                          )<br>                                                 )<br>v.                                             )<br>                                                 )<br>DEUTSCHE BANK NATIONAL TRUST  )<br>COMPANY, as Trustee for FFMLT 2007-  )<br>FFB-SS, Mortgage Pass-Through       )<br>Certificates, Series 2007-FFB-SS, MACKIE )<br>WOLF ZIENTZ & MANN, P.C. as         )<br>Substitute Trustee, and SPECIALIZED  )<br>LOAN SERVICING, LLC,                  )<br>                                                 )<br>       Defendants.                       )  | No. 2:20-cv-02139-TLP-cgc |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND, GRANTING DEFENDANTS'
MOTION TO DISMISS COUNTERCLAIMS, AND DENYING AS MOOT PLAINTIFF'S
MOTION FOR AN EXTENSION OF TIME TO ANSWER THOSE COUNTERCLAIMS**

Plaintiff moves for an extension of time to answer Defendants' counterclaims (ECF No. 84) and to amend his complaint (ECF No. 89). Defendants move unopposed to dismiss their counterclaims (ECF No. 96). As explained below, the Court **DENIES** Plaintiff's motion to amend his complaint, **GRANTS** Defendants' motion to dismiss their counterclaims, and **DENIES AS MOOT** Plaintiff's motion for an extension of time to answer said counterclaims.

Procedurally, this case is complicated. After this Court granted Defendants' motion for summary judgment (ECF No. 86), Plaintiff moved to amend his complaint (ECF No. 89) and then filed a notice of appeal with the Sixth Circuit as to this Court's "final judgment" (ECF No. 90). Of course, the federal appellate courts have jurisdiction to hear appeals from final district

court orders under 28 U.S.C. § 1291.  But, despite Plaintiff's characterization otherwise, this Court has not issued a final order here.

As the Supreme Court opined, "a decision is not final, ordinarily, unless it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–522 (1988)).  That is, "[u]sually, 'when a district court grants summary judgment on some but not all claims' in a lawsuit, 'the decision is not a final order for appellate purposes.'"  *Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351, 353 (6th Cir. 2021) (quoting *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012)).

Although the Court granted summary judgment as to Plaintiff's claims, Defendants' counterclaims were still alive when Plaintiff noticed his appeal.  So there was no final judgment to appeal.  Nor did Plaintiff move for, and this Court did not issue, an order directing entry of a final order under Federal Rule of Civil Procedure 54(b).  As a result, Plaintiff's appeal was a premature, interlocutory action.  *See Bonner v. Perry*, 564 F.3d 424, 428 (6th Cir. 2009).  In that vein, the Sixth Circuit notes that it, and a "majority of the circuits . . . hold that a notice of appeal from a plainly nonappealable order may properly be ignored by the district court."  *Cochran v. Birkel*, 651 F.2d 1219, 1223 (6th Cir. 1981).  To be sure, the district court is typically divested of jurisdiction when a party files a notice of appeal, but, because Plaintiff's notice here was premature, this Court retains authority to address the pending motions.

With that in mind, the Court starts with Plaintiff's motion to amend his complaint.  Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading routinely within twenty-one days of service or, if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading or motion.  *See* Fed. R. Civ. P.

15(a)(1).  In all other scenarios, a party seeking to amend must obtain written consent from the opposing party or leave from the court.  Fed. R. Civ. P. 15(a)(2).  Courts may freely give leave to amend "when justice so requires."  *Id.*

To evaluate whether justice so requires, the Court considers "undue delay in filing . . . undue prejudice to the opposing party, and futility of amendment."  *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).  "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality."  *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 641 (6th Cir. 2018) (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995)).

Plaintiff seeks to amend his complaint "to allege a claim against the first lien holder," based on "new information [that] has come to the attention of the Plaintiff."  (ECF No. 89 at PageID 812.)  And in support of his motion, Plaintiff claims, without analysis, that "there are no factors which would indicate that an Amendment should not be granted." (ECF No. 89-1 at PageID 815.)  Plaintiff then mentions, briefly, that the amendment poses no notice issue, as he informed Defendants of his plan to amend, and that the claims are not futile. (*Id.*)

Defendants, unsurprisingly, contest Plaintiff's amendment.  (ECF No. 92.)  They argue both that Plaintiff's delay in bringing the motion is prejudicial and that the claims are futile. (*Id.*)  For starters, Defendants point out that it has "been nearly two years since" the incident that spurred Plaintiff's new claims occurred, and that Plaintiff could have amended his filings when he learned of the incident during discovery. (*Id.* at PageID 839.)  In their eyes, Plaintiff waited until after the Court ruled on the cross motions for summary judgment, giving him a "second bite of the apple" in case this Court ruled for Defendants. (*Id.* at PageID 838.)  Defendants also

claim that Plaintiff's amendment is futile because it "fails to allege all the necessary elements" of his new intentional interference with contract claim. (*Id.* at Page ID 840.) In fact, Defendants argue that Plaintiff does not allege any facts related to four of the claim's crucial elements, leading to a likely dismissal under a Rule 12(b)(6) motion. (*Id.* at PageID 840–41.)

The Court finds Defendants' prejudicial delay argument particularly compelling. When a plaintiff moves to amend during the late stages of litigation, the prejudice to the nonmoving party is clear—the parties have already expended significant time and money to conduct discovery and file dispositive motions. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) ("When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.") This is especially true, as here, when the Court has already addressed the parties' summary judgment motion and dismissed Plaintiff's claims. *Church Jt. Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020) ("Allowing amendment after summary judgment motions have been decided is especially problematic."); *see also Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458–59 (6th Cir. 2013) ("[A]llowing amendment under these circumstances would encourage delay and bad faith on the part of plaintiffs and prejudice defendants who would have wasted time and expense attacking a hypothetical complaint.") *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 203 L. Ed. 2d 390 (2019).

With that said, the Court finds that Plaintiff's motion would unduly prejudice Defendants; so, it **DENIES** Plaintiff's motion to amend.

Next, the Court addresses Defendants' motion to dismiss their counterclaims and Plaintiff's motion for an extension of time to answer those counterclaims. Defendants move, unopposed under Rules 41(a)(2) and 41(c), to dismiss their counterclaims. (ECF No. 96.)

Defendants request this relief after the Court granted summary judgment in their favor on Plaintiff's claims, because "[t]he counterclaims filed by Defendants essentially requested permission to foreclose in the event that the wrongful foreclose [sic] claim was not dismissed." (*Id.* PageID 845.) Having read Defendants' motion and considering that Plaintiff does not oppose it, the Court **GRANTS** Defendants' motion to dismiss their counterclaims. And because the Court dismisses the counterclaims, the Court also **DENIES AS MOOT** Plaintiff's motion for an extension of time to answer said counterclaims (ECF No. 84).

## CONCLUSION

For the reasons outlined above, the Court **DENIES** Plaintiff's motion to amend his complaint (ECF No. 89), **GRANTS** Defendants' motion to dismiss their counterclaims (ECF No. 96), and **DENIES AS MOOT** Plaintiff's motion for an extension of time to answer the counterclaims (ECF No. 84).

**SO ORDERED**, this 31st day of May, 2022.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE